# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### COLUMBIA DIVISION

| | | |
|---|---|---|
| NANCY KLICKA, | ] | |
| Plaintiff, | ] | |
| | ] | CA NO:3:3:05-1320 |
| —vs— | ] | **O R D E R** |
| | ] | |
| THE DIOCESE OF CHARLESTON, REV. LEE SELZER And MARY KUSHMAN, | ] | |
| Defendants. | ] | |

This is an employment and civil rights violations case filed by the Plaintiff, Nancy Klicka alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended as well state law claims for slander and conspiracy to commit slander. This case was originally filed in the South Carolina Court of Common Pleas and removed to this Court by the Defendants.

Pursuant to 28 U.S.C. §636(b)(1)(A) and (B) and this Court's Local Rules this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation. Magistrate Judge Marchant issued a Report and Recommendation on July 10, 2006 recommending that Defendants' motion for summary judgment with respect to Plaintiff's Title VII discrimination claim be granted. The Magistrate Judge further recommended that Plaintiff's remaining state law claims for defamation be remanded to state court for disposition.

As to his findings on dispositive matters, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Recommendation to which specific objection is made.

In the instant action, the Plaintiff has not objected to the Magistrate Judge's Report and Recommendation. The Defendants' only objection is to the Magistrate Judge's recommendation that the Court remand the remaining state law claims.

Upon consideration, the Defendants' objection is overruled. The Report of the Magistrate Judge is approved. Since this is a case originally filed in state court and the federal claim has been dismissed, remaining state law claims should be remanded back to state court. United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

Accordingly, the Defendants' motion for summary judgment with respect to Plaintiff's Title VII discrimination claim is GRANTED and that claim is DISMISSED. Plaintiff's remaining state law claims for defamation are remanded to state court.

IT IS SO ORDERED.

s/MATTHEW J. PERRY, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 12, 2006.

-2-